CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538
JOHN D. STANLEY, ESQ.; STATE BAR NO.: 301308

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**
**E-Mail:  cmay@tharpe-howell.com**
**E-Mail:  bkim@tharpe-howell.com**
**E-Mail:  jstanley@tharpe-howell.com**

Attorneys for Defendants,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>                Plaintiff(s),<br><br>v.<br><br>QMI, INC.; SVG ENTERPRISES, LLC; LOWE'S HOME CENTERS, LLC; and DOES 1 through 20, Inclusive,<br><br>                Defendant(s). | Case No.:<br><br>(Los Angeles County Superior Court Case No.: BC620024)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC ("Lowe's"), contemporaneously with the filing of this notice, is effecting the removal of the above referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division. The removal is based, specifically, on the following grounds.

///

///

///

///

- 1 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
State Farm v. Lowe's.
Case No.:

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## PLEADINGS, PROCESS, AND ORDERS

1. On May 11, 2016, plaintiff STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *State Farm General Insurance Company v. QMI, Inc.; SVG Enterprises, LLC; Lowe's Home Centers, LLC., and Does 1-20, Inclusive*, Case No. BC620024. True and correct copies of the following documents are attached collectively as Exhibit "A":

   a. Summons

   b. Complaint

   c. Civil Case Cover Sheet

   d. Notice of Case Assignment

   e. Amended General Orders Re: Personal Injury Court

2. The Summons and Complaint were served by personal service on Lowe's through its authorized agent for service of process on May 16, 2016 pursuant to California Code of Civil Procedure §415.10.

3. The attached exhibits constitute all process, pleadings and orders served upon Lowe's in this matter.

### DIVERSITY

#### A. Citizenship

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* Exhibit "A," Complaint at 9. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

5. Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California. *See* Ex. "A," Complaint at 1.

6. Lowe's is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its

- 2 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina corporation and is incorporated in North Carolina with its principal place of business in North Carolina. Accordingly, Lowe's is a citizen of the State of North Carolina, and complete diversity of citizenship exists as between Plaintiff and Lowe's.

7. On information and belief, Defendant QMI, Inc. is a New York corporation. A predominance of QMI, Inc.'s corporate operations take place in New York where it is headquartered, and its chief officers and directors perform a majority of its executive decision making and administrative functions in New York. Therefore, QMI, Inc. is a citizen of the State of New York.

8. On information and belief, Defendant SVG Enterprises, LLC is a New York limited liability company whose member or members are citizens of the State of New York. Therefore, SVG Enterprises, LLC is a citizen of the State of New York.

**B.      Unserved Defendants are to be Disregarded for Purposes of Removal**

9. Pursuant to 28 U.S.C. § 1446(b)(2), "When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action." To date, Lowe's is the only defendant to be "properly joined and served." Unserved defendants need not consent to removal. *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).

10. To date, Defendant QMI, Inc. has not been served and does not have an active agent for service of process in California.

11. To date, Defendant SVG Enterprises, LLC has not been served and does not have an active agent for service of process in California.

**C.      The "Unanimity Rule" is Satisfied by an Averment of Consent by the Removing Defendant**

12. "One defendant's timely removal notice containing an averment of the

- 3 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

other defendants' consent and signed by an attorney of record is sufficient" to satisfy the rule that all defendants must consent to removal. *Proctor v. Vishay Intertechnology, Inc.*, 584 F3d 1208, 1225 (9th Cir. 2009).

13.   Lowe's will seek QMI, Inc. and SVG Enterprises, LLC's consent to removal. On information and belief, QMI, Inc. and SVG Enterprises, LLC will consent to this Court's jurisdiction if and when they are served.

### D.   Fictitious Does

14.   Defendants DOES 1-20, Inclusive are wholly fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants.  The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Further, 28 U.S.C. §1441(b) permits removal based on diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, the citizenship of a defendant who has not been served, such as 1 to 20, Inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists.  *Republic Western Ins. Co. v. International Ins. Co.*, 765 F.Supp. 628, 629 (N.D. Cal. 1991).   Here, no California defendant has been served at the time of the filing of the instant removal.  Accordingly, the fact that the complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### AMOUNT IN CONTROVERSY

15.   Plaintiff's subrogation Complaint sets forth causes of action for Negligence, Strict Products Liability, and Breach of Implied Warranties. *See* Exhibit "A," Complaint at p. 1.  Plaintiff seeks $115,447.58 in damages that it allegedly paid to its insured. *Id.* at 9.  Plaintiff's allegation of damages greater than $75,000 is sufficient to satisfy the "amount in controversy" requirement for diversity jurisdiction. *See, e.g., Simmons v. PCR Tech.* 209 F.Supp.2d 1029, 1032 ("Jurisdictional facts are

- 4 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

assessed on the basis of plaintiff's complaint at the time of removal."). Because Plaintiff's complaint meet the jurisdictional amount on its face, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

16. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's complaint. 28 U.S.C. § 1446(b)(1). Plaintiff's complaint was served on Lowe's on May 16, 2016.

17. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: June 15, 2016                    THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
BRIAN J. KIM
JOHN D. STANLEY
Attorneys for Defendants
LOWE'S HOME CENTERS, LLC

- 5 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
State Farm v. Lowe's.
Case No :

# Exhibit "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

QMI, INC.; SVG ENTERPRISES, LLC; LOWE'S HOME CENTERS, LLC; and DOES 1 to 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 11 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

**CASE NUMBER**
*(Número del Caso):* BC 6 2 0 0 2 4

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Juan Salas, Esq. Watkins & Letofsky, LLP    4040 MacArthur Blvd. #240 Newport Beach, CA 92660

DATE:
*(Fecha)* MAY 11 2016

Clerk, by _____ (Secretario) SHAUNYA BOLDEN , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LOWE'S HOME CENTERS, LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☒ other *(specify):* LLC
4. ☑ by personal delivery on *(date):* 5/16/16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Juan Salas, Esq.   (SBN 306345)
WATKINS & LETOFSKY, LLP
4040 MacArthur Blvd., Suite 240
Newport Beach, CA 92660
Office: (949) 476-9400; Fax: (949) 476-9407
Attorney for Plaintiff, STATE FARM
GENERAL INSURANCE COMPANY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 1 1 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL COURTHOUSE

**BC 6 2 0 0 2 4**

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> QML. INC.; SVG ENTERPRISES. LLC; LOWE'S HOME CENTERS, LLC; and DOES 1-20, inclusive, <br><br> Defendants. | Case No.: <br> Assigned for all Purposes to Dept. <br> The Honorable <br> [Unlimited Civil Case] <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **Negligence** <br> 2. **Strict Products Liability** <br> 3. **Breach of Implied Warranties** <br><br> TRIAL DATE: Not Yet Assigned |

COMES NOW PLAINTIFF, STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff"), who is informed and believes and thereon alleges against the Defendants and Does 1-20, inclusive, and each of them as follows:

1.     Plaintiff is a corporation organized and existing under the laws of the State of California, and is and was at all times mentioned herein, qualified to do business in the State of California.

1

COMPLAINT FOR DAMAGES

STI.1112

2.    Defendant, QMI, INC., is a corporation doing business in the State of California, and is and was at all times mentioned herein, qualified to do business in the State of California.

3.    Defendant, SVG ENTERPRISES, LLC, is a limited liability company doing business in the State of California, and is and was at all times mentioned herein, qualified to do business in the State of California.

4.    Defendant, LOWE'S HOME CENTERS, LLC, is a limited liability company doing business in the State of California, and is and was at all times mentioned herein, qualified to do business in the State of California.

5.    Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, alleges that this is the proper court because the transaction and occurrence ("the incident") took place at 4479 Cardinal Cushing, Claremont, California, 91711.

6.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the fictitiously named defendants is negligently or otherwise responsible in some manner, along with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein alleged were legally and proximately caused by that negligence or other wrongful acts and/or omissions and the negligence or other acts and/or omissions of both the named and fictitiously named defendants.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

8.    On or about January 22, 2015, a water loss occurred at 4479 Cardinal Cushing, Claremont, California, the home of Plaintiff's insureds, Robert and Mirella Rico, damaging the

2

COMPLAINT FOR DAMAGES

STI.1112

ceiling. drywall. tile flooring. carpeting, hardwood flooring. light fixtures. furniture. cabinetry, and more. A supply line for a cold water bathroom faucet. located in an upstairs bathroom. failed and caused water to leak into the surrounding area and spread throughout the home. The faucet was purchased and installed by the insured, Robert Rico. When purchased, the supply line for the faucet was included in the packaging. The faucet was a Giagni product. manufactured by Defendants, QMI. INC. and/or SVG ENTERPRISES. LLC, and DOES 1-10. inclusive. The faucet was purchased at Lowe's. making Defendants, LOWE'S HOME CENTERS. LLC. and DOES 11-20. inclusive a responsible party as the distributor of the product. This water loss caused extensive property damage.

9.    Plaintiff. STATE FARM GENERAL INSURANCE COMPANY. is informed and believes. and thereon alleges, that the water that leaked into Plaintiff's insureds' home originated from the subject faucet supply line that was manufactured by Defendants, QMI. INC. and/or SVG ENTERPRISES. LLC, and DOES 1-10. inclusive, and distributed by Defendants, LOWE'S HOME CENTERS. LLC, and DOES 11-20, inclusive. Plaintiff's expert engineer examined the failed supply line and found a rupture, the cause the water leakage. The rupture, according to the expert. was due to pitting corrosion and/or stress corrosion cracking of the stainless steel wires of the supply line. Chlorides are one of the primary causes of pitting corrosion in stainless steels. The overlapping steel wires create crevices. promoting local corrosion. It is reasonable to assume that a homeowner would clean under a bathroom sink with a chlorinated compound. or store these compounds under the sink. The subject supply line had no warning labels on it. warning against exposure to chlorinated cleaners or corrosive material. The average life of a lavatory faucet is over twenty years. consistent with a premature failure. Defendants. QMI. INC. and/or SVG ENTERPRISES. LLC, and DOES 1-10. inclusive. manufactured the faucet. The supply line was sold within the same packaging as the faucet. Defendants. LOWE'S HOME CENTERS. LLC. and DOES 11-20. inclusive. sold the faucet and supply line.

///

3

COMPLAINT FOR DAMAGES

STF.1112

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

### [Against All Defendants]

10.     Plaintiff incorporates by reference paragraphs 1 through 9 as though fully set forth herein.

11.     Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, had a duty to use reasonable care with respect to the manufacture, design, inspection, distribution and/or sale of the subject faucet, supply line and/or its component parts.

12.     Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, negligently manufactured, designed, inspected, distributed and/or sold the subject faucet, supply line and/or its component parts and/or negligently failed to issue adequate instruction or warnings regarding the subject faucet, supply line and/or its component parts, such that the subject faucet, supply line and/or one or more of its component parts left Defendants' possession or control in a defective condition, with manufacturing and/or design defects and/or insufficient instruction or warning of safety hazards and/or installation instructions of the subject faucet, supply line and/or its component parts.  A manufacturer/ designer/ inspector/ distributor/ seller is negligent if it fails to use the amount of care in manufacturing/ designing/ inspecting/ distributing/ selling the product that a reasonably careful manufacturer/ designer/ inspector/ distributor/ seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.  In determining whether Defendants used reasonable care, a trier of fact shall balance what Defendants knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

13.     The afore-described acts and/or omissions on the part of Defendants and each of them caused water to leak and escape inside the insureds' home from the subject faucet, supply line and/or its component parts, and to flood Plaintiff's insureds' home on or about January 22, 2015, and harmed Plaintiff's insureds and Plaintiff.

4

COMPLAINT FOR DAMAGES

STE.1112

14.    The afore-described acts and/or omissions of Defendants and each of them were the legal and proximate cause of damages to Plaintiff's insureds and to Plaintiff.

15.    The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insureds and to Plaintiff.

16.    As a result of the negligence of Defendants and each of them, Plaintiff's insureds sustained at least $115,447.58 in damages. Plaintiff paid on behalf of its insureds the amount of $115,447.58 to date and further monetary damages are expected and will be according to proof. This sum includes Plaintiff's insureds' $5,000.00 deductible, which is recoverable by Plaintiff under the respective policy of insurance. Plaintiff fulfilled its obligations pursuant to the insurance agreement between Plaintiff and Plaintiff's insureds, for the property damage losses. Plaintiff now seeks recovery, by way of a subrogation claim, for the indemnity and other damages Plaintiff paid to or on behalf of its insureds in the approximate amount of $115,447.58, and pending, plus other miscellaneous damages, costs, and pre-judgment interest from the date of loss, according to proof at trial.

## SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

### [Against all Defendants]

17.    Plaintiff incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18.    Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, manufactured, designed, inspected, distributed, and/or sold the subject faucet, supply line and/or its component parts such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control.

19.    The subject faucet, supply line and/or its component parts contained a manufacturing defect (a product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line) and/or design defect (Consumer Expectation Test - that the subject faucet and supply line did not perform as safely as an

5

COMPLAINT FOR DAMAGES

STE.1112

ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way) or (Risk Benefit Test – once Plaintiff proves all of the following: 1. That Defendants manufactured/distributed/sold the product; 2. That Plaintiff was harmed; and 3. That the [product]'s design was a substantial factor in causing harm to Plaintiff then Plaintiff prevails unless Defendants prove that the benefits of the product's design outweigh the risks of the design considering (a) The gravity of the potential harm resulting from the use of the product; (b) The likelihood that this harm would occur; (c) The feasibility of an alternative safer design at the time of manufacture; (d) The cost of an alternative design; and (e) The disadvantages of an alternative design; and (f) Other relevant factors) when it left the possession of Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, and failed to issue adequate instructions or warnings regarding the subject faucet and supply line and/or its component parts (1. That Defendants manufactured/distributed/sold the product; 2. That the product had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale; 3. That the potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way; 4. That ordinary consumers would not have recognized the potential risks; 5. That Defendants failed to adequately warn or instruct of the potential risks; 6. That Plaintiff was harmed; and 7. That the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm).

20. Plaintiff's insureds became the users of the defective product.

21. At the time of the incident described herein, the product was being used in the manner intended by Defendants and/or in a reasonably foreseeable manner and/or misused in a reasonably foreseeable manner.

22. The afore-described acts and/or omissions on the part of Defendants and each of them caused water to leak and escape inside the home from the subject faucet, supply line and/or its component parts, and to flood Plaintiff's insureds' home on or about January 22, 2015, and harmed Plaintiff's insureds and Plaintiff.

6

COMPLAINT FOR DAMAGES

STL.1112

23.    The afore-described defective faucet, supply line and/or its component parts were the legal and proximate cause of damages to Plaintiff and to Plaintiff's insureds.

24.    The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insureds and to Plaintiff.

25.    As a result of the manufacturing, design, distribution, supplying and/or inspection of the subject faucet, supply line and/or its component parts by Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, with manufacturing, inadequate warnings, and/or design defects, Plaintiff's insureds sustained approximately $115,447.58, and pending, in damages for repairs, restoration and/or replacement of property. Plaintiff fulfilled its obligations pursuant to the insurance agreement between Plaintiff and its insureds and reimbursed Plaintiff's insureds for all losses. Plaintiff now seeks recovery, by way of a subrogation claim, for the indemnity and other damages Plaintiff paid to or on behalf of its insureds in the approximate amount of $115,447.58, and pending, plus other miscellaneous damages, costs, and pre-judgment interest from the date of loss, according to proof at trial.

## THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES

### [Against all Defendants]

26.    Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.    Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, manufactured, designed, inspected, distributed and/or sold the subject faucet, supply line and/or its component parts, such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control.

28.    As a result, Defendants, QMI, INC., SVG ENTERPRISES, LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive, breached the implied warranty of merchantability. The subject faucet, supply line and/or its component parts was installed in Plaintiff's insureds' home, and at the time, Defendants, QMI, INC., SVG ENTERPRISES, LLC,

7

**COMPLAINT FOR DAMAGES**

STF.1112

LOWE'S HOME CENTERS. LLC. and DOES 1-20. inclusive, were in the business of selling these goods and/or held itself out as having special knowledge or skill regarding these goods: the subject faucet. supply line was not of the same quality as those generally acceptable in the trade: and/or was not fit for the ordinary purposes for which such goods are used.

29.    As a result. Defendants. QMI. INC., SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS. LLC. and DOES 1-20. inclusive. breached the Implied Warranty of Fitness for a Particular purpose. The subject faucet. supply line was installed in Plaintiff's insureds' home. and at the time. Defendants. QMI. INC.. SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS. LLC, and DOES 1-20. inclusive. knew or had reason to know that consumers intended to use the subject faucet and supply line for a particular purpose and were relying on the skill and judgment of Defendants, QMI, INC.. SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS. LLC. and DOES 1-20, inclusive. to furnish a faucet and supply line that was suitable for the particular purpose: and Plaintiff's insureds justifiably relied on Defendants. QMI, INC., SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20. inclusive, skill and judgment and that the subject faucet and supply line was not suitable for the particular purpose when it failed.

30.    The afore-described defective faucet. supply line and/or its component parts were the legal and proximate cause of damages to Plaintiff and Plaintiff's insureds.

31.    The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insureds and Plaintiff.

32.    As a result of the breach of the implied warranties of merchantability and of fitness for a particular purpose of the subject faucet. supply line and/or its component parts by Defendants. QMI. INC.. SVG ENTERPRISES. LLC. LOWE'S HOME CENTERS. LLC. and DOES 1-20. inclusive. Plaintiff's insureds sustained approximately $115.447.58. and pending. in damages for repairs. restoration and/or replacement of property. Plaintiff fulfilled its obligations pursuant to the insurance agreement between Plaintiff and its insureds and reimbursed Plaintiff's insureds for all losses. Plaintiff now seeks recovery. by way of a subrogation claim. for the indemnity and other

8

COMPLAINT FOR DAMAGES

STL.1112

damages Plaintiff paid to or on behalf of its insureds in the approximate amount of $115.447.58, and pending. plus other miscellaneous damages. costs. and pre-judgment interest from the date of loss. according to proof at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, QMI. INC., SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS, LLC, and DOES 1-20, inclusive. and each of them. as follows:

1. All damages Plaintiff paid to or on behalf of its insureds in the amount of $115.447.58. continuing and according to proof;

2. For costs of suit incurred by Plaintiff herein;

3. For pre-judgment interest according to proof;

4. For any and all such relief as the court may deem just and proper.

DATED: May 11, 2016

Respectfully Submitted,

WATKINS & LETOFSKY, LLP

By: _____
JUAN SALAS
Attorney for Plaintiff,
STATE FARM GENERAL
INSURANCE COMPANY

STF.1112-STF v. QMI. INC., SVG ENTERPRISES. LLC, LOWE'S HOME CENTERS. LLC\Complaint.doc

9

**COMPLAINT FOR DAMAGES**

STF.1112

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Juan Salas, Esq. SBN 306345<br>Watkins & Letofsky, LLP<br>4040 MacArthur Blvd., Suite 240<br>Newport Beach, CA 92660<br>TELEPHONE NO: 949-476-9400   FAX NO: 949-476-9407<br>ATTORNEY FOR (Name): Plaintiff, State Farm General Insurance Company | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 11 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Shaunya Bolden, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles 90012 | |
| BRANCH NAME: Central Courthouse | |

| CASE NAME: State Farm vs. QMI, Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 6 2 0 0 2 4 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [✓] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): Three: Negligence, Strict Products Liability, Breach of Implied Warranties
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: May 11, 2016

Juan Salas, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example. a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action. check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below · A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party. its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation. a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration. check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault. vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g.. discrimination. false arrest) *(not civil harassment)* (08)
Defamation (e.g.. slander. libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g.. money owed. open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g.. quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain. landlord/tenant. or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs. check this item; otherwise. report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| STATE FARM v. OM:, Inc., et al. | BC 6 2 0 0 2 4 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐YES   LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 3-5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2.(3) 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE STATE FARM v. QM:, Inc., et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1.. 2.. 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1.. 2.. 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2..3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1.. 2.. 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1.. 2.. 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2.. 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2.. 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1.. 2.. 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1.. 2.. 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2.. 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1.. 2.. 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1.. 2.. 3.. 5. |
| | ☐ A6031   Tortious Interference | 1.. 2.. 3.. 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1.. 2.. 3.. 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023    Wrongful Eviction Case | 2.. 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2.. 6. |
| | ☐ A6032  Quiet Title | 2.. 6. |
| | ☐ A6060  Other Real Property (not eminent domain. landlord/tenant. foreclosure) | 2.. 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2.. 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2.. 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2.. 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2.. 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side label (left margin): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC. rule 2.0
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| STATE FARM v. QM1, Inc., et al. | |

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br><br>2.<br><br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| STATE FARM v. OMI, Inc., et .al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business. performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS·<br>4479 Cardinal Cushing |
|---|---|
| CITY: Claremont | STATE. CA | ZIP CODE: 91731 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc.. § 392 et seq.. and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 5/11/2016

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935. if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint. or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number _____

**BC 6 2 0 0 2 4**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. David Sotelo | 91 | 632 | | | | | |
| Hon. Michelle Williams Court | 92 | 633 | | | | | |
| Hon. Howard L. Halm | 93 | 631 | | | | | |
| Hon. Benny C. Osorio | 97 | 630 | | | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on  **MAY 1 1 2016**    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV PI 190 (Rev01/16)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 2 5 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
C. Casarez
BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

In re Personal Injury Cases Assigned to the
Personal Injury Courts;
(CENTRAL DISTRICT)

) Case No.:
)
) SIXTH AMENDED GENERAL
) ORDER RE PERSONAL INJURY
) COURT ("PI Court") PROCEDURES,
) CENTRAL DISTRICT
) (Effective as of February 22, 2016)

**DEPARTMENT:**       91       92       93       97       98

**FINAL STATUS CONFERENCE ("FSC"):**

- Date: _____ at 10:00 a.m.

**TRIAL:**

- Date: _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- Date: _____ at 8:30 a.m.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California
Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los
Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES
THE September 18, 2015 AMENDED GENERAL ORDER AND GENERALLY

1

Central District
2/22/2106

**ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC initially opened three Personal Injury Courts ("PI Courts" - Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to dedicated Trial Courts located countywide. Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters. The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." Local Rule 2.3(a)(1)(A).

Central District
2/22/2106

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

    ☐  A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

    ☐  A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

    ☐  A7260 Product Liability (not asbestos or toxic/environmental)

    ☐  A7210 Medical Malpractice – Physicians & Surgeons

    ☐  A7240 Medical Malpractice – Other Professional Health Care Malpractice

    ☐  A7250 Premises Liability (e.g., slip and fall)

    ☐  A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

    ☐  A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**FILING OF DOCUMENTS**

2.    Parties may file documents in person at the filing window, via US Mail, or *as of March 1, 2106*, through e-Delivery, which is available online at www.lacourt.org (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person

3

or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

## SERVICE OF SUMMONS AND COMPLAINT

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed. C. C. P. § 583.210, subd. (a).  On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or** all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

## STIPULATIONS TO CONTINUE TRIAL

6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

4

FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. Code Civ. Proc., § 595.2; Govt. Code § 70617, subd. (c)(2). In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, the first for a maximum of four months, the second for a maximum of two months. A third request to continue trial will only be granted upon a showing of good cause, by ex parte application or noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

**NO CASE MANAGEMENT CONFERENCES**

7.      The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

**LAW AND MOTION**

**ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE TABBED. CRC §3.1110(f)**

**ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED ON THE TRANSCRIPTS ATTACHED AS EXHIBITS. CRC §3.1116(c)**

> *If your filing is not tabbed or depositions are not marked, do not file without the tabs or marked depositions unless today is the last day for filing. If so, you must file a tabbed/marked copy with the clerk in the department where your motion will be heard within 2 court days.*

5

Central District
2/22/2106

**Chambers Copies Required**

8.    In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

9.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

10.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not

6

needlessly prepare tentative rulings on demurrers.

**Discovery Motions**

11.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

12.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard, unless, the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC. If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery

Central District
2/22/2106

Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

13.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

14.     Time permitting; the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**Ex Parte Applications**

15.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

8

on the court's website, PI Court Tab). Counsel should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

16.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated." In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

17.    Parties opposing a motion to transfer have five court days to file (in Room 102) an Opposition (using the same LACIV 238 Motion to Transfer form).

18.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

19.    Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

20.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c))

9

**JURY TRIALS**

21.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Trial Courts.

**SANCTIONS**

21.    The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b))

Dated: _2/25/16_

_Kevin C. Brazile_ (signature)
Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

10

**FILED**
LOS ANGELES SUPERIOR COURT

**JAN 2 6 2015**

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

*C. Casarez*

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | ) Case No.: _____ <br> ) <br> ) THIRD AMENDED GENERAL ORDER - <br> ) FINAL STATUS CONFERENCE, <br> ) PERSONAL INJURY ("PI") COURTS <br> ) (Effective as of January 26, 2015) <br> ) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS April 4, 2014 AMENDED GENERAL ORDER – FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine*, and the authentication and admissibility of exhibits.

1/26/15

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.    TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.    MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.    JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

1/26/15

### D.    JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness. The parties/counsel shall identify and all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.    JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.)

1/26/15

### G.  JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides.  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

### H.  JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4.  TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

Tab A: Trial Briefs

Tab B:  Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

1/26/15

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 26th day of January, 2015

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

1/26/15

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Juan Salas, Esq. <br> WATKINS & LETOFSKY, LLP <br> 4040 MacArthur Blvd., Suite #240 <br> Newport Beach, CA 92660 <br> (949) 476-9400; (949) 476-9407 – Fax <br> Email: jsalas@salaslegalservices.com | Attorneys for Plaintiff, <br> STATE FARM GENERAL INSURANCE COMPANY |

5. a. ____ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b.  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ____ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ✔ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 6 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)

State Farm v. Lowe's.
Case No.:

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: ****

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 6|15|16 | MICHELE SCHEE | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

___ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\27000-000\27692\Pleadings\FEDERAL\NTC OF REMOVAL.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 7 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)

State Farm v. Lowe's.
Case No.